UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOB ABRAMS, JANICE SMART, BOB ABRAMS as personal representative for the Estate of VIRGINIA E. ABRAMS, deceased, ANGIE SUNDHAUSEN as personal representative for the Estate of MATTHEW MURPHY, deceased, and ANGIE SUNDHAUSEN as personal representative for the Estate of MARLEEN E. MURPHY, deceased, <br><br>    Plaintiffs, <br>v. <br><br>FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX CORPORATION, FEDEX FREIGHT, ASLLAN NMI PINO, and HARD DRIVE EXPRESS, INC., <br><br>    Defendants. | Docket No.: 3:19-cv-01391 <br><br><br><br>PLAINTIFFS DEMAND A TRIAL BY JURY |

**FIRST AMENDED COMPLAINT**

Plaintiffs BOB ABRAMS, JANICE SMART, BOB ABRAMS as personal representative for the Estate of VIRGINIA E. ABRAMS, deceased, ANGIE SUNDHAUSEN as personal representative for the Estate of MATTHEW MURPHY, deceased, and ANGIE SUNDHAUSEN as personal representative for the Estate of MARLEEN E. MURPHY, deceased by their attorneys, MORELLI LAW FIRM, PLLC and CATES MAHONEY, LLC, respectfully allege upon information and belief as follows:

**NATURE OF THE CASE**

1. This is a civil action for personal injuries suffered by Plaintiffs BOB ABRAMS, JANICE SMART, BOB ABRAMS as personal representative for the Estate of VIRGINIA E. ABRAMS, deceased, ANGIE SUNDHAUSEN as personal representative for the Estate of

1

MATTHEW MURPHY, deceased, and ANGIE SUNDHAUSEN as personal representative for the Estate of MARLEEN E. MURPHY, deceased, (collectively "Plaintiffs") being brought against Defendants FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX CORPORATION, FEDEX FREIGHT (collectively "FedEx"), ASLLAN NMI PINO, and HARD DRIVE EXPRESS, INC. (referred to hereinafter collectively as "Defendants").

 2. This action arises out of a tragic and fatal motor vehicle accident which occurred on July 20, 2019 on Interstate 70 eastbound in Effingham County, State of Illinois, when a FedEx tractor-trailer being operated by defendant ASLLAN NMI PINO collided with the rear end of the vehicle in which Plaintiffs and Plaintiffs' decedents were traveling.  As a result of the Defendants' negligence, Plaintiffs and Plaintiffs' decedents' were caused to suffer severe and permanent injuries, including death.

## PARTIES

 3. Plaintiff Bob Abrams is an individual and citizen of the state of Missouri and brings this case as an individual and in his capacity as personal representative for the Estate of Virginia E. Abrams, Deceased.

 4. Plaintiff Janice Smart is an individual and citizen of the state of Missouri.

 5. Angie Sundhausen as personal representative for the Estate of Matthew Murphy, deceased, and as personal representative for the Estate of Marleen E. Murphy, deceased is an individual and citizen of the state of Missouri.

 6. Defendant FEDEX GROUND PACKAGE SYSTEM, INC. (hereinafter "FedEx Ground") is a wholly-owned subsidiary of FedEx Corporation.  Defendant FedEx Ground is headquartered and has its principal place of business in Pittsburgh, Pennsylvania.  FedEx Ground

has an average daily volume of over 8.5 million package deliveries using over 70,000 motorized vehicles, including tractor-trailers.

7. Defendant FEDEX CORPORATION is a worldwide corporation whose headquarters and principal place of business is located in Memphis, Tennessee. FedEx Corporation has stores and distribution centers in over 220 countries and territories throughout the world. FedEx Corporation has an average daily volume of over 15 million shipments each business day. FedEx Corporation provides a large portion of those shipments via the 180,000 motorized vehicles, including tractor-trailers, that it owns and operates.

8. Defendant FEDEX FREIGHT is a wholly-owned subsidiary of FedEx Corporation. Defendant FedEx Freight is headquartered and has its principal place of business in Memphis, Tennessee. FedEx Freight has an average daily volume of over 110,000 shipments using over 25,000 motorized vehicles, including tractor-trailers, throughout the United States, Canada, Mexico, Puerto Rico, and the U.S. Virgin Islands.

9. Defendant ASLLAN NMI PINO is an individual and upon information and belief a citizen of the State of Michigan.

10. Defendant HARD DRIVE EXPRESS, INC. ("Hard Drive") is a corporation with its principal place of business in the State of Michigan. Hard Drive was the registered owner of the subject tractor-trailer on the date of the accident.

**VENUE AND JURISDICTION**

11. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy-five thousand dollars ($75,000) and Plaintiffs are citizens of states which are different from the states where Defendants reside, are incorporated and have their principal places of business.

12. Venue is proper in this district, because the accident occurred in Jackson Township, County of Effingham, State of Illinois, which falls within this Court's jurisdiction.

## FACTUAL ALLEGATIONS

### The Plaintiffs

13. The Plaintiffs BOB ABRAMS, JANICE SMART, and the Plaintiffs' decedents VIRGINIA E. ABRAMS, MATTHEW MURPHY, and MARLEEN E. MURPHY were family members who had a very close relationship to one another. Specifically, BOB ABRAMS and VIRGINIA E. ABRAMS were married at the time of the accident. MATTHEW MURPHY and MARLEEN E. MURPHY were also married at the time of the accident. JANICE SMART, MATTHEW MURPHY and VIRGINIA ABRAMS were siblings.

14. The Plaintiffs and Plaintiffs' decedents were all part of a close-knit family. They all resided close to each other in St. Louis, Missouri and frequently took vacations together. On the date of the accident, the family members were planning to drive from St. Louis, Missouri to Niagara Falls for a vacation.

### The FedEx Defendants

15. Each business day, FedEx delivers more than 10 million packages to more than 220 countries and territories using more than 100,000 fleet vehicles, including its tractor-trailers, and employs more than 400,000 team members at hundreds of locations around the world.

16. For the fiscal year ending on March 2019, Defendant FedEx Corporation had annual revenue of approximately $69.7 Billion.

17. For the fiscal year ending March 2019, Defendant FedEx Ground had annual revenue of approximately $20.5 Billion.

18. For the fiscal year ending March 2019, Defendant FedEx Freight had annual revenue of approximately $7.6 Billion.

19. According to FedEx's own website, "safety above all" is allegedly a core FedEx belief and it is integrated into everything FedEx does.  Allegedly, ensuring safety is "absolutely essential" and a job that FedEx takes "extremely seriously."  Allegedly, FedEx has "high standards" when it comes to safety.

20. According to FedEx's website, FedEx sets exacting safety standards and protocols, many of which exceed Department of Transportation ("DOT") requirements.

21. According to FedEx's website, FedEx annually invests millions of dollars in equipment and technology to prevent injuries and accidents on the ground.

22. According to FedEx's website, FedEx understands that they "can't rest when it comes to safe operating procedures."

## The Accident

23. On the morning of July 20, 2019, the Plaintiffs and Plaintiffs' decedents were planning to drive from St. Louis, Missouri to Niagara Falls for a vacation.

24. It was a clear day, and temperatures were above ninety degrees.

25. On July 20, 2019, Asllan Nmi Pino was operating a FedEx tractor-trailer in the course of his employment.

26. On July 20, 2019, Defendant Hard Drive was the registered owner of the subject tractor-trailer.

27. On July 20, 2019, Mr. Pino's employment consisted of driving a 2019 Peterbilt truck-tractor and Hyundai semitrailer combination vehicle (the "FedEx Truck").

28. At approximately 11:00 a.m. on July 20, 2019, both Plaintiffs' vehicle and the FedEx Truck were traveling on Interstate 70 eastbound at mile post 89 and approaching a construction zone.

29. The eastbound and westbound lanes of traffic were separated by a concrete median barrier.

30. A 2020 Freightliner truck driven by Jamie Hugh Smith ("Freightliner") had come to a complete stop in traffic directly in front of Plaintiffs' vehicle.

31. Plaintiffs' vehicle approached the stopped traffic and began to slow down behind the Freightliner, ultimately coming to a complete stop in traffic.

32. The FedEx Truck was traveling on I-70 eastbound approaching the rear of Plaintiffs' vehicle.

33. The FedEx Truck was traveling at an accelerated rate of speed.

34. The driver of the FedEx Truck, Asllan Nmi Pino, was not paying attention nor keeping a proper lookout as he approached the rear of Plaintiffs' vehicle.

35. Defendant Asllan Nmi Pino at some point before impacting Plaintiffs' vehicle realized traffic was coming to a stop or was stopped in front of him.

36. Upon information and belief, defendant Pino then applied the brakes of the FedEx Truck and swerved to the left.

37. The FedEx Truck was unable to avoid Plaintiffs' vehicle, struck the rear of Plaintiffs' vehicle, and pushed the Plaintiffs' vehicle into the rear of the Freightliner.

38. The FedEx Truck then proceeded to strike the concrete median barrier.

39. The FedEx Truck pushed the concrete median barrier into the westbound lanes.

40. Plaintiffs' vehicle became lodged between the FedEx Truck and the utility trailer being pulled by the Freightliner.

41. Plaintiffs' vehicle eventually came to rest facing in a southwest direction.

42. The Plaintiffs' vehicle was decimated as a result of the accident.

43. The Plaintiffs and Plaintiffs' decedents were unable to escape the vehicle.

44. As they remained severely injured inside the vehicle, it took first responders approximately four hours to extract Plaintiffs and Plaintiffs' decedents from the vehicle.

45. The extraction took particularly long both because of how severely damaged Plaintiffs' vehicle was, and because of the extremely hot temperatures outside.

46. Plaintiff Bob Abrams was extracted from the vehicle and flown by helicopter to a hospital in Springfield, Illinois.

47. Plaintiff Janice Smart was extracted from the vehicle and taken by the air evacuation life team to a hospital in Springfield, Illinois.

48. Virginia E. Abrams, Matthew Murphy, and Marleen E. Murphy were all extracted from the vehicle and subsequently pronounced deceased.

49. Defendant Asllan Nmi Pino was issued two citations as a result of the accident.

**First Count**
**Negligence - (Against all Defendants)**

50. Plaintiffs incorporate by reference all preceding paragraphs of this First Amended Complaint as if fully set forth herein.

51. On July 20, 2019, relatives BOB ABRAMS, VIRGINIA E. ABRAMS, JANICE SMART, MATTHEW MURPHY, and MARLEEN E. MURPHY were all traveling in a 2019 GMC Yukon motor vehicle.

52. On July 20, 2019, the 2019 GMC Yukon was being operated by decedent MATTHEW MURPHY.

53. On July 20, 2019, defendant Asllan Nmi Pino was driving a 2019 Peterbilt truck-tractor and Hyundai semitrailer combination vehicle (the "FedEx Truck"), which was owned by defendant Hard Drive.

54. Mr. Pino was operating the FedEx Truck in the regular course of his employment for FedEx and/or Hard Drive.

55. Based upon the doctrine of *respondeat superior*, Defendants FedEx and Hard Drive are liable for the aforesaid negligent acts and/or omissions of its agent, servant and employee, Asllan Nmi Pino.

56. Defendants FedEx and Hard Drive had the right to control the manner of defendant Asllan Nmi Pino's work performance.

57. At the time of the accident, the nature of the work being performed by Asllan Nmi Pino was closely aligned with the general business of Defendants FedEx and Hard Drive.

58. Defendants FedEx and Hard Drive had the right to discharge Asllan Nmi Pino.

59. Defendants FedEx and Hard Drive controlled the method of payment to Asllan Nmi Pino.

60. Defendants FedEx and Hard Drive provided Asllan Nmi Pino with the necessary tools, materials, and equipment in order to complete his assigned tasks.

61. Accordingly, Defendants FedEx and Hard Drive are vicariously liable for the negligence of their agent, defendant Asllan Nmi Pino.

62. On July 20, 2019, while BOB ABRAMS, VIRGINIA E. ABRAMS, JANICE SMART, and MARLEEN E. MURPHY were lawful passengers in the vehicle being operated by

MATTHEW MURPHY, the Plaintiffs and defendant Asllan Nmi Pino were involved in a motor vehicle collision on Interstate 70 eastbound at mile post 89, in Effingham County, State of Illinois, when the FedEx Truck being operated by Defendant Pino collided with the rear of Plaintiffs' stopped vehicle.

63.  FedEx, Asllan Nmi Pino, and Hard Drive were all careless and negligent in the ownership and operation of its motor vehicle, which caused Plaintiffs and Plaintiffs' decedents to suffer severe and permanent physical, emotional, psychological, and economic injuries.

64.  The automobile collision at issue was caused by the negligence and carelessness of the Defendants in the following respects:

   a.  Defendant Pino operated the vehicle in a careless and reckless manner;

   b.  Defendant Pino failed to cease operating the vehicle under hazardous road conditions;

   c.  Defendant Pino failed to properly operate the vehicle under the hazardous road conditions;

   d.  Defendant Pino failed to keep a careful lookout;

   e.  Defendant Pino failed to attend to the roadway;

   f.  Defendant Pino failed to reduce the rate of speed to avoid an accident;

   g.  Defendant Pino failed to heed warnings, including audible warnings, in the truck immediately prior to the collision;

   h.  Defendant Pino operated the vehicle at an excessive rate of speed under the circumstances;

   i.  Defendants failed to comply with applicable state and federal regulations regarding the commercial operation of tractor-trailer units; and

      j. Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

65. At all times mentioned herein, Defendants owed a duty to Plaintiffs and others to exercise the highest degree of care in the operation of the motor vehicle.

66. The acts and omissions as set forth herein constituted violations of the Illinois Compiled Statutes regarding the regulation of traffic as set forth with more specificity in Chapter 625 of the Illinois Compiled Statutes which include, but are not limited to 625 ILCS. §§ 11-601 and §§11-605.1.

67. The acts and omissions as set forth herein constituted violations of the Federal Motor Carrier Safety Regulations as set forth in Title 49 of the Code of Federal Regulations which include, but are not limited to 49 CFR §392.6.

68. The subject statutes, codes, regulations, and the above provisions are designed to protect Plaintiffs and members of the public generally from the hazards that arise from the operation of motor vehicles.

69. Plaintiffs are within the class of persons protected by the provisions enumerated above and all were designed to prevent the injuries Plaintiffs sustained.

70. As a direct and proximate result of Defendants' negligence, Plaintiffs and Plaintiffs' decedents were caused to sustain severe and permanent painful bodily injuries, including, but not limited to death, emotional, psychological, and economic injuries.

71. As a further direct and proximate result of one or more of the foregoing negligent acts or omissions by the Defendants' agent, servant and employee, Asllan Nmi Pino, while acting within the scope of his employment for FedEx and/or Hard Drive, the Plaintiffs sustained severe and traumatic injuries, including death.

72. As a direct and proximate result of the injuries sustained by Plaintiffs' and Plaintiffs' decedents in the collision, they have been incapacitated from pursuing usual employment and other activities, may be left with disabilities that will in the future similarly incapacitate them and cause them pain and suffering, and may require medical treatment.

73. The negligence and carelessness of the Defendants as described above showed gross negligence, a complete indifference to or a conscious and wanton disregard for the safety of the Plaintiffs' and others, thereby justifying an award of punitive damages in such sum as will serve to punish Defendants and deter Defendants, and others, from like conduct in the future.

74. Plaintiffs respectfully request that this Court enter judgment on behalf of the Plaintiffs and against the Defendants, in an amount in excess of seventy-five thousand ($75,000.00), for the injuries and damages sustained by the Plaintiffs, and for costs of suit incurred herein, for pre- and post-judgment interest as provided by law, for punitive damages, and for such other or further relief as the Court deems just.

**Second Count**
**Wrongful Death**
**(VIRGINA E. ABRAMS, MATTHEW MURPHY, MARLEEN E. MURPHY)**

75. Plaintiffs incorporate by reference all preceding paragraphs of this First Amended Complaint as if fully set forth herein.

76. Plaintiffs bring this cause of action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq*. and seek all damages allowed pursuant to that Act.

77. As a further direct and proximate result of one or more of the foregoing negligent acts or omissions by the Defendants, Plaintiffs' decedents, VIRGINIA E. ABRAMS, MATTHEW MURPHY, and MARLEEN E. MURPHY, sustained great bodily injury, which resulted in their deaths.

78. At the time of her death, VIRGINIA E. ABRAMS was survived by her husband, Plaintiff BOB ABRAMS, who has been damaged as a result of the death of VIRGINIA E. ABRAMS.

79. As a direct and proximate result of the death of VIRGINIA E. ABRAMS, in addition to those pecuniary damages to which VIRGINIA E. ABRAMS is entitled that survived her death, Plaintiff, BOB ABRAMS and the next of kin of VIRGINIA E. ABRAMS, have suffered damages, including the loss of love and affection, guidance and caretaking provided by VIRGINIA E. ABRAMS, and have further incurred tremendous grief, sorrow, and other mental suffering, all as a result of the death of VIRGINIA E. ABRAMS.

80. At the time of their deaths, MATTHEW MURPHY and MARLEEN E. MUPRHY were survived by their next of kin, who have been damaged as a result of their deaths.

81. As a direct and proximate result of the death of MATTHEW MURPHY and MARLEEN E. MUPRHY, in addition to those pecuniary damages to which MATTHEW MURPHY and MARLEEN E. MUPRHY are entitled to that survived their deaths, the next of kin of MATTHEW MURPHY and MARLEEN E. MUPRHY, have suffered damages, including the loss of love and affection, guidance and caretaking provided by MATTHEW MURPHY and MARLEEN E. MUPRHY, and have further incurred tremendous grief, sorrow, and other mental suffering, all as a result of the death of MATTHEW MURPHY and MARLEEN E. MUPRHY.

82. Plaintiffs respectfully request that this Court enter judgment on behalf of the respective Estates and against the Defendants for the injuries and damages resulting from the deaths of VIRGINIA E. ABRAMS, MATTHEW MURPHY, and MARLEEN E. MURPHY, and for costs of suit incurred herein, and for such other or further relief as the Court deems just.

## Third Count
## Survival Action
## (VIRGINA E. ABRAMS, MATTHEW MURPHY, MARLEEN E. MURPHY)

83. Plaintiffs incorporate by reference all preceding paragraphs of this First Amended Complaint as if fully set forth herein.

84. Plaintiffs bring this cause of action pursuant to the Illinois Probate Act, 755 ILCS 5/27-6 and seek all damages allowed that survive as a result of the personal injuries suffered by VIRGINIA E. ABRAMS, MATTHEW MURPHY, and MARLEEN E. MURPHY up until the time of their deaths.

85. As a further direct and proximate result of one or more of the foregoing negligent acts or omissions by the Defendants, VIRGINIA E. ABRAMS, MATTHEW MURPHY, and MARLEEN E. MURPHY, sustained great bodily injury up until the time of their deaths.

86. As a further direct and proximate result of the collision described above, VIRGINIA E. ABRAMS, MATTHEW MURPHY, and MARLEEN E. MURPHY suffered traumatic injuries, all of which caused them tremendous pain, suffering, and disfigurement up until the time of their deaths.

87. Plaintiffs respectfully request this Court enter judgment on behalf of VIRGINIA E. ABRAMS, MATTHEW MURPHY, and MARLEEN E. MURPHY for the injuries and damages they suffered up until the time of their deaths and against the Defendants, and for costs of suit incurred herein, and for such other or further relief as the Court deems just.

## Fourth Count
## Loss of Consortium – (BOB ABRAMS)

88. Plaintiffs incorporate by reference all preceding paragraphs of this First Amended Complaint as if fully set forth herein.

89.     As a consequence of the car accident further described above, VIRGINIA E. ABRAMS sustained significant and permanent injuries, including death.

90.     Before suffering the injuries resulting from the accident, VIRGINIA E. ABRAMS was able to and did perform all the duties of a wife and did perform these duties, including but not limited to maintaining the home, providing love, companionship, affection, society, sexual relations, moral support, and solace to her husband, plaintiff BOB ABRAMS.

91.     BOB ABRAMS has suffered and continues to suffer from loss of society and consortium as a result of the death of his wife, VIRGINIA E. ABRAMS.

## Fifth Count
## Family Expense Act

92.     Plaintiffs incorporate by reference all preceding paragraphs of this First Amended Complaint as if fully set forth herein.

93.     As a further direct and proximate result of one or more of the foregoing negligent acts or omissions by the Defendants, the Plaintiffs and Plaintiffs' decedents sustained severe and traumatic injuries, including death.

94.     As a further direct and proximate result of the injuries suffered by the Plaintiffs and Plaintiffs' decedents, the Plaintiffs and Plaintiffs' decedents were hospitalized for said injuries which caused them to incur medical expenses in the past and for which they may incur expenses in the future.

95.     As a direct and proximate result of the injuries and damages suffered by the Plaintiffs and Plaintiffs' decedents, the Plaintiffs herein seek reimbursement for said expenses pursuant to the Family Expense Statute, 750 ILCS 65/15.

96.     Plaintiffs respectfully request that this Court enter judgment against the Defendants, in an amount in excess of seventy-five thousand dollars ($75,000.00), for all of the

expenses incurred by the Plaintiffs and Plaintiffs' decedents pursuant to the Family Expense Statute, 750 ILCS 65/15, and for costs of suit incurred herein, and for such other or further relief as the Court deems just.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand upon Defendants:

a. actual, compensatory and statutory damages;

b. punitive damages as allowed by law;

c. pre and post-judgment interest as allowed by law;

d. injunctive relief;

e. an award of attorneys' fees as allowed by law;

f. an award of taxable costs; and

g. any and all such further relief as this Court deems just and proper.

Respectfully submitted,

CATES MAHONEY, LLC

By: /s/David Cates
David Cates, #6289198
CATES MAHONEY, LLC
216 West Pointe Drive, Suite A
Swansea, IL 62226
Telephone: (618) 277-3644
Facsimile: (618) 277-7882
Email: dcates@cateslaw.com

MORELLI LAW FIRM, PPLC

By: Benedict P. Morelli
NY Bar No: 1060441
bmorelli@morellilaw.com
David Sirotkin
NY Bar No: 4891339
dsirotkin@morellilaw.com
Perry Fallick
NY Bar No: 5111273
Alexander Morelli
NY Bar No: 5592522
amorelli@morellilaw.com

777 Third Avenue, 31st Floor  
New York, New York 10017  
Telephone: (212) 751-9800  
Facsimile:  (212) 751-0046  

*Attorneys for Plaintiffs*

## PROOF OF SERVICE

I hereby certify that on April 21, 2020, I electronically filed this "FIRST AMENDED COMPLAINT" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to all parties of record.

/s/David Cates