IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOB ABRAMS, *Individually and as Personal Representative of Virginia E. Abrams, Deceased*, JANICE SMART, and ANGIE SUNDHAUSEN, *as Personal Representative of Matthew Murphy, Deceased, and Marleen E. Murphy, Deceased*, Plaintiffs, <br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX CORPORATION, FEDEX FREIGHT, ASLLAN NMI PINO, and HARD DRIVE EXPRESS, INC., Defendants. | Case No. 19–CV–01391–JPG |

## MEMORANDUM AND ORDER

This is a personal injury case arising from a motor vehicle accident. Before the Court are Defendants FedEx Corp. and FedEx Freight's Motion to Dismiss, (ECF No. 71), and Memorandum in Support, (ECF No. 72). The plaintiffs responded, (ECF No. 91), and the defendants replied, (ECF No. 92). For the reasons below, the Court **GRANTS** the Motion and **DISMISSES** FedEx Corp. and FedEx Freight **WITHOUT PREJUDICE**.

### I.  PROCEDURAL AND FACTUAL HISTORY

According to the Second Amended Complaint, the plaintiffs—a Missouri family—were driving along an interstate in Southern Illinois in July 2019. (Am. Compl. at 2, 4 ECF No. 41). There was construction, and "[t]he eastbound and westbound lanes of traffic were separated by a concrete median barrier." (*Id.* at 6). Traffic reached a standstill, and the plaintiffs stopped behind a semitruck. (*Id.*).

Not far behind was another semi operated by "FedEx" and driven by Asllan Nmi Pino, a Michigander. (*Id.* at 3). The truck was hauling a tractor-trailer owned by Hard Drive Express, Inc., a Michigan corporation. (*Id.* at 3).

Unfortunately, Pino was neither "paying attention nor keeping a proper lookout as he approached the rear of [the plaintiffs'] vehicle." (*Id.* at 6). He slammed on the brakes, but it was too late: Pino swerved left into the concrete median, struck the plaintiffs, and sandwiched them between the semis. (*Id.* at 6–7). Their car was decimated. (*Id.* at 7). Worse, several of the family members—Virginia E. Abrams, Matthew Murphy, and Marleen E. Murphy—were killed. (*Id.*). Thankfully, Bob Abrams and Janice Smart survived. (*Id.*).

In December 2019, the plaintiffs—on behalf of themselves and their deceased family members—sued FedEx Ground Package System, Inc. ("FedEx Ground"); FedEx Corp.; FedEx Freight; Asllan Pino, and Hard Drive Express, Inc. (Compl. at 1, ECF No. 1). The initial Complaint raised five claims under Illinois law:

1) Negligence
   (against all defendants, brought by all the plaintiffs),

2) Wrongful Death
   (against all defendants, brought by Plaintiffs Abrams and Sundhausen on behalf of the deceased),

3) Survival Action
   (same),

4) Loss of Consortium
   (against all defendants, brought by Plaintiff Abrams), and

5) Family Expense Act
   (against all defendants, brought by all the plaintiffs).

(*Id.* at 7–13).

In an answer filed by FedEx Ground in April 2020, FedEx Corp. and FedEx Freight specifically denied being proper defendants in this case. (Def. FedEx Ground's Answer at 1–2). That said, they did not move for dismissal.

The plaintiffs then filed an Amended Complaint, (ECF No. 41); and in May 2020, FedEx Corp. and FedEx Freight both filed separate answers where they again specifically denied being "in anyway involved in the accident" and therefore asserted that they are not proper defendants. (Def. FedEx Corp.'s Answer at 2, ECF No. 50; Def. FedEx Freight's Answer at 2, ECF No. 51). Even so, they still did not move for dismissal.

Then, on May 13, 2021, the plaintiffs filed a Second Amended Complaint and added a new cause of action:

> 6) Negligent Hiring and Retention
> (against Defendants FedEx Ground and Hard Drive, brought by all the plaintiffs).

(Second Am. Compl. at 21–22).

Although they sometimes refer to the FedEx defendants collectively as "FedEx," (*e.g.*, *id.* at 5), the plaintiffs acknowledge that they are actually separate entities, (*see id.* at 2–4). More specifically, FedEx Ground and FedEx Freight are wholly owned subsidiaries of FedEx Corp. (*Id.* at 2–3). FedEx Ground is a Pennsylvania citizen, while FedEx Freight and FedEx Corp. are Tennessee citizens. (*See id.*).

With that in mind, FedEx Corp. and FedEx Freight eventually moved for dismissal on May 27, raising two arguments: (1) The plaintiffs failed to state a claim against them; and (2) this Court lacks personal jurisdiction over them. (Defs.' Mem. in Supp. at 1). In response, the plaintiffs "consent to the dismissal of FedEx Freight" but still "believe that FedEx Corp. is an appropriate party . . . ." (Pls.' Mem. in Opp. at 2).

## II. LAW AND ANALYSIS

### A. Dismissal under Rule 12(b)(6)

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege enough factual allegations to plausibly suggest "a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It follows that "[t]o meet this plausibility standard, the complaint must supply 'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Twombly*, 500 U.S. at 556). "[H]ow many facts are enough" for a claim be considered plausible "will depend on the type of case." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008). All well-pleaded allegations must be accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. *Twombly*, 550 U.S. at 555. But "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The plaintiffs contend that they "stated a viable claim against FedEx Corp. in the" Second Amended Complaint. (Pls.' Mem. in Opp. at 17). For example, they say that FedEx Corp.'s "self-promoting claims about safety on [its] website" support a finding of negligence. (*Id.* at 9). Similarly, they note that Counts I through V "are directed against <u>all defendants</u>." (*Id.* at 10) (emphasis in original). They then stated how their allegations are directed "against FedEx, which includes FedEx Corp.," suggesting that "[t]here is no doubt that the [Second Amended Complaint]

alleges in great detail the negligence and carelessness of the defendants, including FedEx Corp., through the acts and omissions of Defendant Pino." (*Id.*). The Court disagrees.

The plaintiffs' threadbare complaint makes no effort to distinguish between the several FedEx defendants who—by the plaintiffs' admission—are separate, independent entities. True enough, a parent corporation can "be held liable for the actions of its subsidiaries where the parent directly supervised the conduct of a specific transaction." *Esmark, Inc. v. NLRB*, 887 F.2d 739, 755 (7th Cir. 1989). But in such a case, "the alleged wrong can seemingly be traced to the parent through the conduit of its own personnel and management and the parent is directly a participant in the wrong complained of." *United States v. Bestfoods*, 524 U.S. 51, 64 (1998) (cleaned up). The Second Amended Complaint, on the other hand, says nothing about FedEx Corp.'s involvement in the tragic accident. Statements on its website touting its commitment to safety do not make it more plausible that FedEx Corp. is liable for misconduct. Similarly, simply naming FedEx Corp. as a defendant, without more, is a mere threadbare recitation insufficient to state a claim for relief. Rather, the plaintiffs' new Count VI for negligent hiring and retention seemingly concedes that FedEx Ground—not every FedEx defendant—was Pino's employer. Put differently, the plaintiffs make no specific allegations connecting FedEx Corp. to this case other than that it is the parent company of FedEx Ground. In short, as alleged, there is no reasonable expectation that discovery will reveal evidence supporting the plaintiffs' allegations against FedEx Corp. Dismissal is therefore appropriate.

### B. Dismissal under Rule 12(b)(2)

Rule 12(h)(1) provides that "[a] defense of lack of jurisdiction over the person . . . is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof . . . ." It follows that if a defendant raises the personal-jurisdiction defense

in its answer, then "the waiver provided for by Rule 12(h) did not occur." *See Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993). Even so, a defendant can still waive the defense "by submission through conduct." *Id.* (cleaned up). In other words, "[t]o waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010).

In *Continental Bank, N.A.*, for example, the Seventh Circuit found that even though the defendants raised it in their answer, the personal-jurisdiction defense was still waived because they "fully participation in litigation of the merits for over two-and-a-half years without actively contesting personal jurisdiction." 10 F.3d at 1297. The district court therefore "could properly conclude that the defendants' delay in urging this threshold issues manifest[ed] an intent to submit to the court's jurisdiction." *Id.*

Although dismissal under Rule 12(b)(6) is appropriate given the plaintiffs' barebones allegations, the Court will consider the defendants' personal-jurisdiction defense waived. While the defendants' answer suggests that they have no meaningful connection to the action, they waited until May 2021—over a year after the first complaint was filed—to seek dismissal for lack of personal jurisdiction. In the meantime, the litigants engaged in extensive discovery, including several depositions. The Court also considered the defendants' challenge to the plaintiffs' motion for leave to amend their complaint, which did not raise the personal-jurisdiction defense. Put differently, the defendants had ample opportunity to assert the defense but continued litigating: a submission through conduct. At any rate, dismissal remains appropriate under Rule 12(b)(6).

### III. CONCLUSION

The Court **GRANTS** Defendants FedEx Corp. and FedEx Freight's Motion to Dismiss and **DISMISSES** them **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**Dated: Friday, August 13, 2021**

**S/J. Phil Gilbert**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
