UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOB ABRAMS, JANICE SMART, and ANGIE SUNDHAUSEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., ASLLAN NMI PINO, HARD DRIVE EXPRESS, INC.<br><br>    Defendants. | Case No. 3:19-cv-01391-JPG |

**MEMORANDUM AND ORDER**

**I.   Introduction**

This matter comes before the Court on Defendants FedEx Ground Package System, Inc., Hard Drive Express, and Asllan Mni Pino (collectively, "Defendants") Motion to Reconsider this Court's Summary Judgment Ruling. The Defendants' Motion to Reconsider is at Doc. 149. The Court's Memorandum and Order denying Defendants' Motion for Partial Summary Judgment on the Negligent Hiring and Retention Claim and Motion for Partial Summary Judgment on Punitive Damages is at Doc. 141. Plaintiffs Bob Abrams ("Abrams"), Janice Smart ("Smart") and Angie Sundhausen ("Sundhausen"), (collectively, "Plaintiffs") filed their response at Doc. 153. Defendants filed a reply at Doc. 158. This case is set for a jury trial on May 16, 2022, less than 30 days away.

**II.   Law and Analysis**

The facts in this case have been laid out multiple times since the genesis of this case and was extensively presented in the Court's Memorandum and Order (Doc. 141). The Court will not rehash them at this time.

Motions for reconsideration under Rule 54(b) generally "serve the limited function of correcting manifest errors of law or fact." *Slick v. Portfolio Recovery Assocs., LLC*, 111 F. Supp. 3d 900, 902 (N.D. Ill. 2015) (internal quotation marks and citation omitted). Manifest error occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotation marks and citation omitted). Additionally, "manifest error" is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A party may also use a motion for reconsideration to alert the court to "a significant change in the law or facts." *Janusz v. City of Chicago*, 78 F. Supp. 3d 782, 787 (N.D. Ill. 2015), aff'd, 832 F.3d 770 (7th Cir. 2016) (citing *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008)).

That said, a motion to reconsider is not an appropriate vehicle to "advance arguments already rejected by the Court or new legal theories not argued before the ruling[.]" *Schilke v. Wachovia Mortg.*, FSB, 758 F. Supp. 2d 549, 554 (N.D. Ill. 2010), aff'd on other grounds sub nom. *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601 (7th Cir. 2013) (internal quotation marks and citation omitted). Ultimately, motions for reconsideration are disfavored, and a party asserting that the court committed a manifest error of fact or law "bears a heavy burden...." *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911-12 (N.D. Ill. 2015 (citations omitted). A party asserting such an error bears a heavy burden, and motions for reconsideration "are not at the disposal of parties who want to 'rehash' old arguments." *Zurich Capital Mkts., Inc. v. Coglianese*, 383 F.Supp.2d 1041, 1045 (N.D.Ill. 2005). "Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *United States Securities and*

*Exch. Comm'n v. Nat'l Presto Indus., Inc.*, 2004 WL 1093390, at *2 (N.D. Ill. 2004) (internal quotations omitted)

Defendants argue that the Court has made a mistake in applying the law to the facts. Specifically, Defendants state that the Court erred in determining there was a material dispute as to cause-in-fact. (Doc. 149 at 2). Specifically, Defendants argue that there was simply no evidence that Defendant Pino's alleged inability to speak or read English was the cause-in-fact of the accident. Plaintiffs respond by stating that Defendants have not presented extraordinary circumstances to justify re-litigating the issues, Defendants reiterate legal and factual arguments made in their motion, genuine issues remain, and recent case law confirms Plaintiffs' position. (Doc. 153 at 1-2).

After careful consideration of the arguments raised by Defendants and Plaintiffs, the Court does not believe it misapprehended any argument Defendants made, nor does it find any manifest errors in the legal analysis it employed in denying summary judgment on both negligent hiring and retention claim, as well as punitive damages. The Court examined the record, viewed evidence in the light most favorable to Plaintiffs, and discussed why the negligent hiring claim should be submitted to the jury. The Court is not persuaded that it misapplied controlling precedent in finding that reasonable minds could differ as to the issue of proximate cause. The Court specifically noted that, proximate cause and foreseeability are typically matters for a jury. *Anicich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 649 (7th Cir. 2017). The Court also noted the Department of Transportation violation notices directed to Defendants, a police report, and traffic citations of "cause of fact" between Pino's unfitness and the accident. Defendants argue that this is only evidence of events that happened after the accident and not regarding cause in fact. Again, the Court has already evaluated this issue carefully and determined a jury should

determine whether all the pieces of evidence submitted, rises to a level of proximate cause under Illinois law. *Inman v. Howe Freightways, Inc.*, 2019 IL App (1st) 172459, ¶ 62, 130 N.E.3d 458, 476 (Court finding a lack of reflective triangles being the cause of the accident not *completely* speculative, as plaintiff presented some evidence through its expert that had triangles been used, the collision could have been avoided). Especially if there is more than one potential factor in causing an injury, the Court evaluated whether it was a material element and substantial factor in bringing about the injury. *Young v. Bryco Arms*, 213 Ill. 2d 433, 436, 821 N.E.2d 1078, 1086 (2004).

    In the light most favorable to the Plaintiffs, with the understanding that proximate cause and foreseeability are fact determinative issues, the evidence on the record, including the three pieces of evidence cited by the Court in its previous ruling, may rise to the level of proximate cause to a reasonable juror. However, a reasonable juror could also determine it could not. The Court is not willing to foreclose the possibility of reaching a determination before allowing this matter to be heard in front of a jury, with proper instruction.

    The Defendants cite three cases to show that the jury would be unable to disregard instructions from the Court, two of which are criminal cases. The Court refuses to sow doubt in the jury system and the ability for the jury to receive instruction from the Court. The jury system can only function with the faith that a jury will faithfully execute its abilities and receive instructions on the law, from this Court. "The 'rule'—indeed, the premise upon which the system of jury trials functions under the American judicial system—is that juries can be trusted to follow the trial court's instructions. *Bruton* was an exception to this rule, created because of the "devastating" consequences that failure of the jury to disregard a codefendant's inculpatory confession could have to a nonconfessing defendant's case." *Parker v. Randolph*, 442 U.S. 62,

76, 99 S. Ct. 2132, 2141, 60 L. Ed. 2d 713 (1979), abrogated by *Cruz v. New York*, 481 U.S. 186, 107 S. Ct. 1714, 95 L. Ed. 2d 162 (1987). This Court has properly instructed juries in both civil and criminal cases, where both incarceration and money damages were at issue. It has faith in the jury to listen to instruction in this case.

Plaintiffs similarly ask us to reconsider its statement of law regarding *respondeat superior* from *Van Horne* from a case in Northern District of Illinois issued a month after the Court issued its opinion. *See Nor v. Alrashid*, No. 20 C 7470, 2022 WL 815542 (N.D. Ill. Mar. 17, 2022). The Court has reviewed the opinion and does not believe this case demonstrates a significant change in law. Specifically, *Nor* stated the following:

> Because "liability arises in this context when a particular unfitness of an employee gives rise to a particular danger of harm to third parties, a plaintiff must establish a sufficient nexus between the particular alleged unfitness of [the employee] and the injury suffered by [the plaintiff]. The particular unfitness of the employee must have rendered the plaintiff's injury foreseeable to a person of ordinary prudence in the employer's position."

*Id.* at 7 (cleaned up). This is in line with this Court's holding in the Memorandum and Order.

The Court has evaluated, considered, reasoned through, and litigated these issues. It seems Defendants disagree with the Court's reasoning, which the Court will not rehash a second time. In conclusion, the Defendants have failed to demonstrate that the Court "committed a manifest error of law" in denying summary judgment with respect to Plaintiffs' Negligent Hiring and Retention Claim. The Motion to Reconsider (Doc. 149) is therefore denied.

**IT IS SO ORDERED.**
**Dated: April 20, 2022**

                                                    **/s/ J. Phil Gilbert**
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**